UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| JEROME POLLOCK, JR. STONE ARTIST, INC. | Case No. 08-13130 |
| Debtor. | |

Appearances:

| | |
|---|---|
| Segel, Goldman, Mazzotta, & Siegel, P.C. *Attorneys for the Debtor* 9 Washington Square Albany, NY 12205 | Lisa M. Penpraze, Esq. |
| New York State Attorney General's Office *Attorneys for the New York State Department of Labor* 120 Broadway, 26th Floor New York, NY 10271 | Meredith McGowan, Esq. Seth Kupherberg, Esq. |

**MEMORANDUM-DECISION AND ORDER**

Before this court is a joint motion filed by Jerome Pollock, Jr. Stone Artist, Inc. ("Stone Artist") and the New York State Department of Labor ("DOL") seeking declaratory judgment on the discrete issue of the applicability of the police and regulatory powers exception of the automatic stay provision of 11 U.S.C. § 362. Stone Artist alleges that the DOL's issuance of an Order to Comply violates the automatic stay provision of 11 U.S.C. § 362. The DOL contends that issuance of the Order to Comply is proper under the police powers exception to the automatic stay. 11 U.S.C. § 362(b)(4). For the reasons set forth herein, the court finds that issuance of the Order to Comply by the DOL was proper under 11 U.S.C. § 362.

**SUMMARY OF FACTS AND ARGUMENTS**

The parties have stipulated that on September 22, 2008, Stone Artist filed a voluntary petition for relief in this court pursuant to Chapter 11 of the Bankruptcy Code. Stone Artist

1

listed the DOL as a general unsecured creditor in its Schedule F.  The clerk of the court served the DOL with notice of the bankruptcy filing.  On January 13, 2009, the DOL issued an Order to Comply against Stone Artist pursuant to New York Labor Law § 218.[1]  The DOL maintains that Stone Artist has violated the labor laws of the State of New York by failing to pay its workers overtime wages.  The court need not reach the issue of whether or not the DOL's action is meritorious  Instead, the question presented by the parties is whether the automatic stay in effect as of the petition date, pursuant to 11 U.S.C. § 362, bars the post-petition issuance of the Notice to Comply by the DOL against Stone Artist, or whether the Order and the DOL's enforcement thereof, up to and including entry of a money judgment, but not including unilateral enforcement of such a judgment, are authorized pursuant to 11 U.S.C. § 362(b)(4).  Stone Artist maintains, and the DOL disputes, that the Order to Comply issued by the DOL against Stone Artist is barred by the automatic stay in effect as of the petition date pursuant to 11 U.S.C. § 362.  Alternatively, the DOL maintains and Stone Artist disputes that the Order to Comply is permissible pursuant to 11 U.S.C. § 362(b)(4).  More particularly, Stone Artist asserts, and the DOL disputes, that because the Order to Comply lacks a demand for injunctive relief, it falls outside the § 362(b)(4) exception.  The parties have jointly requested declaratory judgment and ask that in deciding the issue, the court consider factual submissions and legal arguments previously made in connection with Stone Artist's Motion for Preliminary Injunction in a related proceeding,[2] as well as Memoranda of Law subsequently submitted by both parties.

---

[1] If the commissioner determines that an employer has violated a provision of article six (payment of wages), article nineteen (minimum wage act), article nineteen-A, section two hundred twelve-a, section two hundred twelve-b, section one hundred sixty-one (day of rest) or section one hundred sixty-two (meal periods) of this chapter, or a rule or regulation promulgated thereunder, the commissioner shall issue to the employer an order directing compliance therewith, which shall describe particularly the nature of the alleged violation.
N.Y. Lab. Law § 218(1) (McKinney 2007).

[2] *See Jerome Pollock, Jr. Stone Artist, Inc. v. New York State Dep't of Labor*, Adv. Pro. No. 08-90188.

## ANALYSIS

The police power exception to automatic stay, provides that:

> The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay . . . of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

11 U.S.C. § 362(b)(4). In applying the police powers exception of § 362(b)(4), courts look to the purposes of the law that the government seeks to enforce, distinguishing between situations where the "state acts pursuant to its 'police and regulatory power,' and where the state acts purely to protect its status as a creditor." *U.S. ex. rel. Fullington v. Parkway Hosp.*, 351 B.R. 280, 283 (E.D.N.Y. 2006) (citing *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 865 (4th Cir. 2001)). The courts have developed two tests for determining whether a particular state action is one that Congress intended to be excepted under § 362(b)(4): the pecuniary test and the public policy test. In order for the police powers exception to apply, an action by the state must satisfy one of these tests.

Before applying these tests, however, the court is faced with a question of law that entails determining which of two incarnations of the pecuniary test more precisely achieves the legislative goals of the police powers exception. The first incarnation of this test is known as the pecuniary purpose test,[3] under which the court looks to whether a governmental proceeding relates to public safety and welfare—which favors application of the stay exception—or to the government's interest in the debtor's estate—which does not. *Fullington*, 351 B.R. at 283 (citing *In re Enron Corp.*, 314 B.R. 524, 535 (Bankr. S.D.N.Y. 2004). Some courts have modified this test, however, creating the pecuniary advantage test, which asks not whether the governmental

---

[3] The pecuniary purpose test is also occasionally referred to as the pecuniary interest test.

3

unit seeks property of the debtor's estate, but whether the specific acts that the government wishes to carry out would create a pecuniary advantage for the government vis-à-vis other creditors. *Id.* In essence, the pecuniary purpose test provides for a narrow interpretation of the police powers exception and the pecuniary advantage test provides for a more expansive reading.

The court recognizes that its sister districts disagree about which version of the pecuniary test should be applied in a § 362(b)(4) analysis. *Compare Fullington*, 351 B.R. at 283 (E.D.N.Y. 2006) (comparing and contrasting the conflicting "pecuniary purpose" and "pecuniary advantage" tests, ultimately applying the pecuniary advantage test), *with In re Enron Corp.*, 314 B.R. at 535 (Bankr. S.D.N.Y. 2004) (applying the pecuniary purpose test). This court declines to enter the fray, as the DOL's action against Stone Artist satisfies both versions of the test. Regarding the pecuniary advantage test, in seeking to liquidate the amount of back wages, fines, and interest, the DOL does not create a pecuniary advantage for the government vis-à-vis other creditors. Entry of the judgment will not give the government any priority over other creditors, it simply allows liquidation of the claim—a task that ultimately must be completed in connection with Stone Artist's bankruptcy filing. *See Martin v. Safety Elec. Constr. Co., Inc.*, 151 B.R. 637, 639 (D. Conn. 1993) ("The court notes that the individuals claiming unpaid wages will not receive any extra priority by virtue of this action. Actual collection of the back pay and liquidated damages claims must proceed according to normal bankruptcy procedures.").

As to the more narrow pecuniary purpose test, the court is satisfied that the DOL is acting within its regulatory and police powers to protect public welfare by actively pursuing employers who have violated state wage laws and securing judgments seeking compensation. The House Report on this provision of the Bankruptcy Code provides that Congress intended to exempt enforcement actions from the stay, maintaining that "where a governmental unit is suing a debtor

4

to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, *or attempting to fix damages for violation of such law*, the action or proceeding is not stayed under the automatic stay." H.R. REP. NO. 95-598, at 343 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6299 (emphasis added); *see Midatlantic Natl. Bank v. New Jersey Dept. of Envtl. Prot.*, 474 U.S. 494, 504 (1986); *see also In re Go West Entm't, Inc.*, 387 B.R. 435, 439 (Bankr. S.D.N.Y. 2008). In this case, the DOL is attempting to fix damages for violation of the Minimum Wage Order of Title 12 New York Compilation of Codes, Rules and Regulations, Part 142 pursuant to § 218 of the New York State Labor Law—a purpose clearly within the intent of the statute's framers. *See id.* As a result, the court finds that the DOL's action satisfies both versions of the pecuniary test for the police powers exemption from the automatic stay provision.

   Additionally, the court finds that the DOL's issuance of an Order to Comply does not violate the public policy test for applicability of the police powers exception. Under the public policy test, the court determines whether the governmental action fits within the exception by distinguishing between those proceedings that effectuate public policy and those that adjudicate private rights. *In re Go West Entm't*, 387 B.R. at 439.

> Litigation by governmental units to enforce federal and state labor laws has been excepted from the stay under § 362(b)(4). The exception has been applied to actions seeking to enjoin, or assess penalties on account of improper labor practices and to cause employers to make restitution payments to employees. The courts reason that those kinds of actions promote public policy by protecting legitimate businesses from unfair competition, and that they are neither intended to adjudicate private rights, nor calculated to advance the government's pecuniary interests.

*Ngan Gung Rest., Inc. v. New York* (*In re Ngan Gung Rest., Inc.*), 183 B.R. 689, 691-92 (S.D.N.Y. 1995) (providing extensive case law supporting the proposition that actions enforcing labor laws are not adjudications of private rights); *cf. U.S. v. Nicolet, Inc.*, 857 F.2d 202, 209-10

5

(3d Cir. 1988) (finding that the governmental unit was not seeking redress for private contract breach or as a consuming participant in the national economy, but rather brought the action pursuant to its explicit mandate under CERCLA to pursue such claims). Furthermore, the police powers exception has been interpreted by the Second Circuit Court of Appeals to permit "entry of a money judgment against a debtor so long as the proceeding in which the judgment is entered is one to enforce the governmental unit's police or regulatory power." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000); *NLRB v. 15th Ave. Iron Works, Inc.*, 964 F.2d 1336, 1337 (2d Cir. 1992) (per curium); *see In re Ngan Gung Rest., Inc.*, 183 B.R. at 694 (allowing entry of money judgment in case involving ordered payment of back wages); *see also NLRB v. P*I*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1991) ("The [NLRB] does not run afoul of [the predecessor to section 362(b)(4)] by attempting to reduce a claim to judgment: the [NLRB] is merely seeking entry of judgment and is not trying to seize [defendant's] property.").

Stone Artist argues that the DOL may only seek entry of judgment if the underlying action is one to enforce police rather than regulatory powers. Nevertheless, the *Brennan* court held that the government is acting within its police or regulatory power up to the moment liability is "definitively fixed by entry of judgment." *SEC v. Brennan*, 230 F.3d at 71. The DOL is empowered by § 218 of the New York State Labor Law to issue an Order to Comply to an employer who has violated the Labor Law and, pursuant to part three[4] of this section, may seek

---

[4] Provided that no proceeding for administrative or judicial review as provided in this chapter shall then be pending and the time for initiation of such proceeding shall have expired, the commissioner may file with the county clerk of the county where the employer resides or has a place of business the order of the commissioner, or the decision of the industrial board of appeals containing the amount found to be due including the civil penalty, if any. The filing of such order or decision shall have the full force and effect of a judgment duly docketed in the office of such clerk. The order or decision may be enforced by and in the name of the commissioner in the same manner, and with like effect, as that prescribed by the civil practice law and rules for the enforcement of a money judgment.

N.Y. Lab. Law § 218(3) (McKinney 2007).

entry of judgment for damages and fines arising from said violations. N.Y. Lab. Law § 218(1), (3) (McKinney 2007).

Despite these findings, however, the court is left with Stone Artist's interesting question of law concerning whether or not the absence of a claim for injunctive relief in the Order to Comply renders the exception inapplicable. The case law supporting this proposition is scant, with the only Second Circuit case directly addressing the issue relying primarily on a district court case out of the Eighth Circuit that was subsequently reversed. *See In re Chateaugay Corp.*, 115 B.R. 28, 32 (Bankr. S.D.N.Y. 1988) (quoting *In re Commonwealth Cos., Inc.*, 80 B.R. 162, 164 (Bankr. D. Neb. 1987), *rev'd*, 913 F.2d 518 (8th Cir. 1990)). Stone Artist presents *In re Enron Corp.* to support its claim. 314 B.R. 524 (Bankr. S.D.N.Y. 2004). The *Enron* case was a complex matter where the bankruptcy court found that actions brought by the California Attorney General were pecuniary in nature because they were duplicative of causes of action brought by federal authorities for the same violations. The present matter is clearly distinguishable by virtue of the fact that no other governmental unit is pursuing Stone Artist based on identical or similar laws or regulations.

Stone Artist also relies upon *In re Massenzio*, a case involving an insurance agent whose license was revoked for failure to pay fines leveled for violation of the state insurance laws and regulations. 121 B.R. 688 (Bankr. N.D.N.Y. 1990). In that case, the court found that the revocation of the license was an attempt by the state to enforce its pre-petition monetary judgment rather than abate the agent's prohibited activity. *Massenzio* is, however, distinguishable from the matter at hand. First, the DOL has not yet received entry of its judgment and is, therefore, certainly not yet enforcing its claim. *See Brennan*, 230 F.3d at 71 (holding that a governmental unit is enforcing its police or regulatory powers up until entry of

7

judgment). Second, actions for back wages and related fines are in effect abatement actions "attempting to curb certain behavior . . . by making the behavior that much more expensive." *Id.* at 72-73. Furthermore, as previously discussed, attempts to fix damages for violation of police or regulatory laws are within the ambit of the exemption. *Id.* at 71 (citing H.R. REP. NO. 95-598, at 343 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6299).

Finally, the DOL responds by arguing that Stone Artist's assertions that injunctive relief must be sought in order for the police powers exception to apply "exalt form over substance," and it presents several cases where governmental units successfully sought non-injunctive relief under the exception to the stay. (Memo. of Law of New York State Dep't of Labor (No. 49) 5, 10) This court therefore finds that an explicit request for injunctive relief is not necessary for finding the police powers exception to apply. The extant pecuniary and public policy tests serve to adequately check the abuse of the police powers exception by the state, and this matter is best resolved by relying upon them.

## CONCLUSION

Based upon all of the foregoing, the DOL's issuance of the January 13, 2009 Order to Comply is excepted from the automatic stay of § 362 pursuant to the § 362(b)(4) police powers exception.

It is so ORDERED.

Dated:   Albany, New York
          February 24, 2009                          /s/ Robert E. Littlefield, Jr.
                                                     _____
                                                     Hon. Robert E. Littlefield, Jr.
                                                     U.S. Bankruptcy Judge